SHAW, Justice
(concurring in the result).
I concur in the result reached in the main opinion. Alabama Code 1975, § 30-3-5, states:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights ... will lie in: (1) the original circuit court rendering the final *642 decree; or (2) in the circuit court of the county where both the current custodial parent ... and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
(Emphasis added.)
The mother argues that this Code section does not expressly provide for the severance of claims, and, by necessity, of proceedings, in the manner ordered by this Court today; the father, on the other hand, argues that the section does not expressly preclude such a severance. The mother is correct that the language does not refer to a severance of the claims as a means of complying with the mandate of the Code section; however, the Code section governs venue only, not matters relating to the proper procedure for assuring compliance with it. What the section does provide, however, is that the “custodial parent shall be able to choose the particular venue.... ” Ordering the severance of the claims in the manner contemplated by the main opinion effectuates the apparent intent of the language of the Code section; precluding such a severance or ordering all the claims to be transferred to the Pickens Circuit Court would not allow both custodial parents to have a say in choosing the appropriate venue, as the Code section contemplates in cases involving split custody of multiple children. Ordering the severance of the claims in this manner allows for compliance with the provisions of the Code section. Although the mother argues that severance of the claims is not in the interest of efficient judicial administration, the Code section contemplates compliance, “[njotwithstanding any law to the contrary,” thus requiring compliance, notwithstanding the aspirational nature of the general legal principles of efficiency advanced by the mother.